# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-0085-LRR |
| vs. | |
| STEVEN BRADFORD, | ORDER |
| Defendant. | |

This matter is before the court on the defendant's motion to amend the restitution portion of the judgment that entered against him (docket no. 87). The defendant filed such motion on November 23, 2007. The government did not file a resistance.

To support his motion, the defendant relies on U.S.S.G. § 5G1.3, 18 U.S.C. § 3584 and *United States v. Day*, 418 F.3d 746 (7th Cir. 2005). U.S.S.G. § 5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment) and 18 U.S.C. § 3584 (Multiple Sentences of Imprisonment) have nothing to do with restitution. Further, with regard to his reliance on *United States v. Day*, 418 F.3d 746 (7th Cir. 2005), the court is not bound to apply the law of another circuit; it must apply the law of the Eighth Circuit. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (reiterating that district courts in the Eighth Circuit are bound by the precedent of the Eighth Circuit Court of Appeals). Finally, to the extent the defendant intends to rely on 18 U.S.C. § 3664, the court does not believe that the interests of justice require a modification of the defendant's obligation to pay restitution. *See United States v. Vanhorn*, 399 F.3d 884, 886-87 (8th Cir. 2005) (affirming district court which declined to exercise its statutory discretion to modify the restitution portion of a final sentence) (discussing 18 U.S.C. §

3664(k)).  Accordingly, the defendant's motion to amend the restitution portion of the judgment that entered against him (docket no. 87) is denied.

**IT IS SO ORDERED**.

**DATED** this 3rd day of December, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA